IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)


FRED COGSWELL, JR.                                                    PLAINTIFF
3315 Sumner Road
Louisville, Kentucky 40218



Case No.  3:17-cv-179-DJH

Judge  David J. Hale


v.



MIDLAND CREDIT MANAGEMENT, INC.                          DEFENDANT
3111 Camino Del Rio North, Suite 103
San Diego, California 92108

          SERVE:     Corporation Service Co.
                     2900 SW Wanamaker Drive, Suite 204
                     Topeka, Kansas 66614
                     (BY KENTUCKY SECRETARY OF STATE)

                          ** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Fred Cogswell, Jr., and for his Verified Complaint against the

Defendant, Midland Credit Management, Inc. ("Midland"), states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages brought by Plaintiff, Fred

Cogswell, Jr., an individual consumer, against Defendant, Midland, for violation of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), which prohibits debt

collectors like Midland from unauthorized disclosure of consumer information to third parties.

## II.  **PARTIES**

2.     Plaintiff, Fred Cogswell, Jr., is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 3315 Sumner Road, Louisville, Kentucky 40218.

3.     Defendant, Midland, is a Kansas corporation engaged in the business of collecting debt in the Commonwealth of Kentucky with its principal place of business located at 3111 Camino Del Rio North, Suite 103, San Diego, California 92108. The principal business purpose of Midland is the collection of debts and Midland regularly attempts to collect debts in the Commonwealth of Kentucky.

4.     Midland is engaged in the collection of debts from consumers using the mail and telephone.  Midland regularly attempts to collect consumer debts alleged to be due to another. Midland is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## III.  **JURISDICTION**

5.     This Court has jurisdiction over this action: (1) pursuant to the FDCPA, 15 U.S.C. §1692k(d); (2) pursuant to 28 U.S.C. §1337; (3) pursuant to 28 U.S.C. §2201 and §2202; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant's doing business in Jefferson County, Kentucky.

## IV.  **FACTUAL BACKGROUND**

6.     In or around June 2015, Plaintiff's father, Fred Cogswell, Sr., who resides in Florida, began receiving telephone calls from Midland regarding a debt allegedly owed to Midland by Plaintiff. Upon information and belief, Midland purchased the debt from and/or was assigned collection of the debt by Credit One Bank, N.A.

7.     In response to Midland's telephone calls to Plaintiff's parents' home in Florida,

Plaintiff's mother, Marie Cogswell, advised Midland that Fred Cogswell, Sr. was not the person who allegedly owed the debt and requested that Midland cease contacting the Cogswells.

8.      Despite Mrs. Cogswell's informing Midland of the inaccuracy of its debt collection efforts, the Cogswells, on or about December 13, 2016, received a letter from Midland identifying the debt and stating the amount Plaintiff allegedly owes on the debt.

9.      Midland's initial contact of the Cogswells and its forwarding to the Cogswell's detailed information concerning the creditor, the origin of the debt, and the amount allegedly owed amounts to unauthorized disclosure of Plaintiff's consumer debt in violation of 15 U.S.C. §1692c(b).

10.     Plaintiff has suffered humiliation, embarrassment, and physical and mental distress as a result of 's Midland's violations of the FDCPA.

## V.  CLAIMS

### Violation of the FDCPA

11.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 10 as if fully set forth herein.

12.     Midland violated the FDCPA.  Midland's violations of the FCDPA include, but are not limited to, violation of 15 U.S.C. §1692c(b) which prohibits Midland's disclosure of any information regarding the alleged debt to anyone other than the consumer.

13.     As a result of the foregoing violations of the FDCPA, Midland is liable to Plaintiff for declaratory judgment that Midland's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorneys' fees.

WHEREFORE, Plaintiff, Fred Cogswell, Jr., respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.  Entry of a declaratory judgment that Defendant's conduct violated the FDCPA;

3.  Actual damages;

4.  Statutory damages pursuant to 15 U.S.C. §1692k;

3.  For attorneys' fees and costs; and,

4.  Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth Street
Louisville, KY  40202
Phone, (502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Fred Cogswell, Jr., hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____

Fred Cogswell, Jr.


COMMONWEALTH OF KENTUCKY )
                                                          ) SS
COUNTY OF JEFFERSON                )

Subscribed, sworn to and acknowledged before me by Fred Cogswell, Jr. this 22 day of

MARCH , 2017.

_____

Notary Public

Commission expires: May 16, 2020

5